UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American National Insurance Company, American National Property and Casualty Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company and National Western Life Insurance Company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Horace Sneed<br>In his capacity as Director, Litigation Department, Office of the Comptroller of the Currency<br>400 7th Street SW<br>Washington D.C. 20219, and<br><br>Office of Comptroller of the Currency<br>400 7th Street SW<br>Washington, D.C. 20219<br><br>　　　　Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs allege as follows:

### I. INTRODUCTION

1. Plaintiffs bring this action against Horace Sneed, Director of the Litigation Department of the Office of the Comptroller of the Currency ("OCC"), and the OCC itself, under the Administrative Procedure Act, 5 U.S.C. §§ 701-06, for refusing to permit John M. Reich, former Director of the Office of Thrift Supervision ("OTS") and Darrel W. Dochow, former Regional Director of the OTS West Region, to testify at depositions regarding non-public OCC

information in connection with Plaintiffs' lawsuit against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMC"), styled *American National Ins. Co., et al. v. JPMorgan Chase & Co.*, et al, No. 09-CV-01743-RMC (D.D.C.) (the "Underlying Lawsuit").

2. The Plaintiffs in the Underlying Lawsuit allege that JPMC tortiously interfered with Plaintiffs' Washington Mutual Bank ("WMB") bond contracts by executing a plan to use the Federal Deposit Insurance Company ("FDIC") as a strawman to obtain the assets of WMB stripped of liabilities to WMB bondholders such as the Plaintiffs. In executing this improper scheme, JPMC, among other things, misused confidential misinformation, spread misinformation, hindered WMB's and its holding company's efforts to sell WMB and/or its assets in a fair bidding process, manipulated of the bidding process with respect to a sale, and performed other misconduct that adversely affected the potential that a sale might be effected in which WMB debt holders would be protected. *See American National Ins. Co., et al. v. JPMorgan Chase & Co.*, et al, No. 09-CV-01743-RMC (D.D.C.), Dkt. # 131 (First Amended Complaint); *American Nat. Ins. Co. v. JPMorgan Chase & Co.*, 893 F.Supp.2d 218 (D.D.C. 2012) (opinion discussing viability of tortious interference claim).

## II.  PARTIES

3. As discussed above, Plaintiffs are prosecuting the Underlying Lawsuit, which is pending before Judge Rosemary Collyer in the United States District Court for the District of Columbia.

4. Defendant Sneed is the Litigation Director for the OCC and, as such, is the official who acted on behalf of the OCC in denying the request of the Plaintiffs for the deposition testimony of Mr. Reich and Mr. Dochow.

### III. JURISDICTION

5.     The Court has jurisdiction over the subject matter and the parties to this suit under the Administrative Procedure Act, 5 U.S.C. §§ 701-706.  Mr. Sneed's denial of the Plaintiffs' request constitutes "final agency action for which there is no other adequate remedy in a court." *Id*. § 704.

### IV. MATERIAL FACTS OF THE CASE

6.     On June 24, 2014, in accordance with the *Touhy* regulations of the OCC, 12 C.F.R. § 4.31 *et seq*, the Plaintiffs requested the deposition of Mr. Reich and Mr. Dochow, former officers of the OTS.  The request are attached hereto as **Exhibit A** (Reich) and **Exhibit B** (Dochow) (the "Requests").

7.     In the Requests, Plaintiffs showed that the testimony of Mr. Reich and Mr. Dochow are relevant to the underlying lawsuit because they he will be able to provide information regarding (a) JPMC's actions and communications with government regulators, and (b) information regarding WMB's solvency and liquidity, to the extent relevant to potential defenses of JPMC.

8.     On July 30 2014, Sneed, through a Senior Deputy Comptroller, denied the requests.  The denial is attached hereto as **Exhibit C**.

### COUNT I
### ARBITRARY AND CAPRICIOUS DENIAL OF DEPOSITIONS

9.     Plaintiffs repeat and reallege paragraphs 1 through 8 as if fully set forth in this count.

10.     The OCC based its decision to bar John M. Reich and Darrel Dochow from testifying in the Underlying Litigation on two grounds, both of which are unfounded and arbitrary decision in violation 5 U.S.C.A. § 706.

11.     First, the OCC claimed that Plaintiffs "have not demonstrated that other evidence reasonably suited to [Plaintiffs] needs is unavailable from any other source."

12.     This basis is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because the testimony of Mr. Reich and Mr. Dochow are relevant, powerful and uniquely credible given Mr. Reich's and Mr. Dochow's positions at the time of the relevant events in the Underlying Litigation.  In addition, the testimony of Mr. Reich and Mr. Dochow may contradict and/or influence the testimony of JPMC or other witnesses in such a way that would not occur if their testimony was barred.

13.     In addition, the OCC's decision to deny the Plaintiffs an opportunity to depose Mr. Reich and Mr. Dochow is not rational or based on relevant factors because Mr. Reich and Mr. Dochow have already testified regarding the same or similar issue in other forums.  For example, Mr. Dochow provided an interview to the Washington Mutual, Inc. Bankruptcy Examiner, *In re Washington Mutual, Inc*., Case No. 08-12229 (MFW).  Mr. Reich testified with respect to Washington Mutual before the Permanent Subcommittee on Investigations.  It is arbitrary and capricious to treat Plaintiffs different than other similarly situated parties.

14.     Second, the OCC claimed that Plaintiff did not demonstrate a "compelling need" for the requested testimony.  However, no witness other than Mr. Reicht and Mr. Dochow can fully and without bias describe JPMC interaction with Mr. Reicht and Mr. Dochow.  In addition, to the extent that JPMC or another party seeks to use any record of the OTS regarding solvency or liquidity of WMB, the Plaintiffs have a compelling need for the testimony of Mr. Reicht and Mr. Dochow to explain such record.  As such, the OCC's conclusion that the Plaintiffs did not demonstrate a compelling need is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law .

WHEREFORE, Plaintiffs request that this court enter an order: (a) reversing the decision of the Office of the Comptroller of the Currency to prohibit John M. Reich and Darrel Dochow from testifying in *American National Ins. Co., et al. v. JPMorgan Chase & Co.*, et al, No. 09-CV-01743-RMC (D.D.C.); (b) ordering the Office of the Comptroller of the Currency to make John M. Reich and Darrel Dochow available for deposition in *American National Ins. Co., et al. v. JPMorgan Chase & Co.*, et al, No. 09-CV-01743-RMC (D.D.C.); (c) setting an expedited hearing; and (d) granting such further and additional relief as the court deems just and proper.

Respectfully submitted,

By: _____/s/_____
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone:  (202) 460-3381
Facsimile:   (877) 809-9113
Email:   gregsmithlaw@verizon.net

Andrew J. Mytelka
Texas State Bar No. 14767700
James M. Roquemore
Texas State Bar No. 24058082
GREER, HERZ & ADAMS. LLP
One Moody Plaza, 18th Floor
Galveston, Texas  77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFF